UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONNIE TREADAWAY | CIVIL ACTION |
| VS. | NUMBER |
| KNIGHT TRANSPORTATION, INC., and MAURICE MARSHALL | SECTION "  " MAGISTRATE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **COMPLAINT**

**Plaintiff invokes the jurisdiction of this Court as established under Title 28, Section 1332 of the United States Code.**

The following named parties are petitioners herein, to-wit:

1. RONNIE TREADAWAY, a person of full age and majority and domiciled in Slidell, St. Tammany Parish, Louisiana.

The above named petitioners respectfully represent as follows, to-wit:

I.

The following named parties are made defendants herein, to-wit:

(a) KNIGHT TRANSPORTATION, INC., a Arizona corporation with its domicile and principle place of business in Phoeniz, Arizona;

(c) MAURICE MARSHALL, a person of full age of majority domiciled in Pass Christian, Mississippi.

II.

The above named defendants are responsible and liable jointly, severally, solidarily and vicariously to petitioner because of the following:

III.

This action results from a four car collision occurring in New Orleans, Orleans Parish, Louisiana on or about May 3, 2021.

IV.

Petitioner, Ronnie Treadaway, driving a 2018 Ford Focus was traveling west on I-10. At the same time a 2018 Volvo 18 wheeler being driven by Maurice Marshall was also proceeding west on I-10.

V.

Defendant, Maurice Marshall, failed to stop in a timely and safe fashion hitting vehicle number two and pushing this vehicle into vehicle number 3 which caused this vehicle to hit the rear of plaintiff's vehicle.

VI.

Upon the impact and collision, Ronnie Treadaway was thrown about in the car.

VII.

As a result of the above accident, petitioner, Ronnie Treadaway, suffered and continues to suffer multiple personal, psychological and emotional injuries of a past, present, and continuing nature.

VIII.

Petitioner, Ronnie Treadaway, has undergone medical treatment since the accident and will undergo further treatment.  Petitioner was and still is limited from his normal activities as a result of the accident.  The injuries cause him pain and discomfort in his employment.

IX.

The sole and proximate cause of the injuries and damages sustained by petitioner was the individual, joint, solidary, concurrent and/or successive negligence of Maurice Marshall, which negligence includes but not limited to, to-wit:

(a) failure to maintain a proper look-out;

(b) failure to observe existing traffic conditions;

(c) failure to observe petitioner's vehicle in due time in order to avoid hitting same;

(d) failure to observe due caution;

(e) driving recklessly;

(f) failure to maintain control of his vehicle;

(g) striking petitioner's vehicle;

(h) rearending plaintiff;

(i) inattentiveness while driving;

(j) driving while exhausted and/or sleepy;

(k) failure to be attentive;

(l) following too closely;

(m) failing to maintain a safe distance;

(n) careless operation of his vehicle; and

(o) other negligence which may be proven at trial of this matter;

(p) failing to operate the 18-wheeler at a reasonable rate of speed having due regard for traffic on I-10, due regard for Ronnie Treadaway's vehicle, the conditions present and the condition of the co-defendants' 18-wheeler;

(q) following the automobile directly in front of him more closely than was prudent and reasonable under the circumstances existing;

(r) operating the 18-wheeler in a fatigued physical and mental condition;

(s) failing to exercise reasonable safety for himself and others traveling on I-10;

(t) failing to slow the 18-wheeler or otherwise maneuver the 18-wheeler so as to avoid colliding with the vehicle behind plaintiff;

(u) violated other unspecified rules, regulations and statutes;

## IX. A

The defendant, Knight Transportation, Inc., is guilty of the following additional acts of negligence, gross negligence, and/or omissions which proximately caused or proximately contributed to the accident of May 3, 2021, described herein above and the injuries sustained by the plaintiff:

a) negligently and carelessly failed to properly select, train, and or supervise their driver, Maurice Marshall;

b) negligently and carelessly put or allowed to remain on the road an unqualified and/or reckless driver;

c) negligently and carelessly failed to screen and test their driver periodically to monitor and evaluate his safety orientation;

d) negligently and carelessly failed to develop, promulgate, adopt, and/or implement safety policies, procedures and practices for their driver;

e) negligently and carelessly permitted, allowed, and/or failed to stop their driver from operating motor vehicles in violation of 49 C.F.R. §395.3;

f) negligently and carelessly permitted, allowed, and/or failed to stop their driver, defendant, Maurice Marshall, from violating the rules of 49 C.F.R. §390.35 and 395.8 regarding driver records and logs;

g) negligently and carelessly permitted and allowed their driver, Maurice Marshall, to operate motor vehicles when said driver was experiencing sleep deprivation and/or cumulative fatigue;

h) negligently and carelessly failed to provide periodic systematic safety and/or defensive driving training for their driver;

i) negligently and carelessly failed to provide remedial training of their driver, Maurice Marshall;

j) negligently entrusted their vehicle to the defendant, Maurice Marshall;

k) negligent risk management;

l) any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter.

X.

Ronnie Treadaway itemizes the damages to which he is entitled as a result of the accident and injury proximately caused by the above described negligence of Knight Transportation, Inc. and Maurice Marshall as follows, to-wit:

(a)  Past physical pain, suffering and discomfort

(b)  Past mental anguish, aggravation, and annoyance

(c)  Disability

(d)  Future physical pain, suffering and discomfort

(e)  Future mental anguish, aggravation and annoyance

(f)  Past medical expenses

(g)  Future medical expenses

(h) Past Lost Wages

(i) Future Lost Wages

(j)  Loss of enjoyment of life

(k)   Loss of use/function of parts of body

(l)  Bodily disability

(m)  Impairment of psychological functioning

(n) Disability from engaging in recreation

XI.

Petitioner strictly reserves the right to amend and supplement this petition as necessary concerning damages.

XII.

Knight Transportation, Inc. is insured through a self retention policy which insures against the negligent operation of a motor vehicle for itself and its employees, including Maurice Marshall. As the employer of the defendant, Maurice Marshall, Knight Transportation, Inc. is jointly, severally, solidarily and vicariously liable and responsible for the negligence and damages set forth above.

XIII.

At the time of the accident Maurice Marshall was acting in the course and scope of his employment with Knight Transportation, Inc. as a driver. As the employer of Maurice Marshall, Knight Transportation, Inc. is jointly, severally, solidarily and vicariously liable and responsible for the acts of negligence and damages.

XIV.

Petitioner further specifically pleads the doctrine of res ipsa loquitur in that the accident and injuries and damages would not have occurred in absence of the negligence of Maurice Marshall.

XV.

Knight Transportation, Inc. and Maurice Marshall are jointly, severally, solidarily and vicariously liable and responsible to petitioner for the negligence and damages set forth above.

WHEREFORE, petitioner prays that defendants be cited and served and that after due proceedings are had there be judgment in favor of petitioner, Ronnie Treadaway, and against the defendants, Knight Transportation, Inc. and Maurice Marshall jointly, severally, solidarily and vicariously for such sums as are reasonable in the premises together with legal interest thereon from date of judicial demand until paid and for all costs of these proceedings.

AND FOR ALL GENERAL AND EQUITABLE RELIEF.

AND THAT ALL EXPERT WITNESS FEES BE TAXED AS COSTS OF COURT.

Respectfully submitted,

MICHAEL HINGLE & ASSOCIATES, LLC

*/s/Michael Hingle, III*
Michael Hingle, T.A. #6943
For the Firm
220 Gause Blvd.
Slidell, LA 70458
(985) 641-6800

PLEASE SERVE:

KNIGHT TRANSPORTATION
through its agent for service of process
RCA Service Co., LLC
3200 N. Central Avenue, Suite 1600
Phoenix, AZ   85012

MAURICE MARSHALL
319 Morton
Pass Christian, MS   39571